ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 AUG 30 PM 3:57

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

DERRICK BENTLEY,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )       CV 312-026
                                    )
ROGERS STATE PRISON DAIRY,          )
Division of Food and Farm Services, a )
Georgia Correctional Industries,    )
                                    )
            Defendant.              )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I.    BACKGROUND

Plaintiff names Rogers State Prison Dairy as the sole Defendant in this case. (Doc. no. 1, p. 1.) Plaintiff states that on March 28, 2012, he drank an "unidentified substance" in milk which came from Defendant, and that the substance caused him to choke and interfered with his breathing. (Id. at 5.) Plaintiff asserts that since drinking the substance he has had shortness

of breath, a sore throat, and "problems breathing correctly." (Id. at 5.) Plaintiff also alleges that the substance caused him a "physical disability now and in [his] future," that he "can't sleep properly any-more," and that he is "having all kind[s] of side affects from this event." (Id. at 5.) Plaintiff reports that the "medical dept." is "still investigating" the incident. (Id. at 5.)

With regard to utilizing the prison grievance procedure, Plaintiff states that he had an officer write a statement and fill out a statement form. (Id. at 3.) Plaintiff also asserts that he contacted the Southern Center for Human Rights for appointment of counsel, that he has seen the medical staff, and that he has "reviewed all witnesses." (Id.) Plaintiff states, in a conclusory fashion, that he exhausted his administrative remedies. (Id.) In response to a question about the result, however, Plaintiff answered "Still pending? and ongoing?" (Id.) In response to the question on his complaint asking if he appealed any adverse decision to the highest level possible in the administrative procedure, Plaintiff checked the box for "Yes," but also stated that it was "still pending." (Id.) In his request for relief, Plaintiff seeks an injunction, compensatory and punitive damages, attorneys' fees and costs, and appointment of trial counsel. (Id. at 6.)

## II.     DISCUSSION

Plaintiff's complaint should be dismissed because of his failure to exhaust his administrative remedies. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison

circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. 925 (2006).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999). Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "there is the possibility of at least some kind of relief." Johnson,

3

418 F.3d at 1155, 1156 (internal quotation omitted).

The administrative grievance procedure applicable in this case is governed by the Georgia Department of Corrections' Standard Operating Procedure ("SOP") IIB05-0001. Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. SOP IIB05-0001 § VI(B). The inmate has ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. SOP IIB05-0001 § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id. §§ VI(C)(2) & (D)(2). The SOP requires that an inmate be given a response to his informal grievance within ten calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. §§ VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has 30 calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has 90 calendar days after receipt of the grievance appeal to respond. Id. §§ VI(D)(2) & (5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. See id. § VI(D).

Here, it is apparent from Plaintiff's complaint that he did not exhaust his administrative remedies prior to the commencement of this case, as is required under the PLRA. Despite

4

Plaintiff's conclusory statement that he exhausted his administrative remedies, he states in his complaint that his appeal regarding the issues asserted in his complaint is "still pending." (Doc. no. 1, p. 4.) Plaintiff also indicates that his initial step, for which filled out a statement form, might also still be pending. (Id. at 3.) However, in order to properly exhaust, Plaintiff must use all steps of the available exhaustion procedure. Woodford, 548 U.S. at 93. As exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure *before* initiating this suit. Higginbottom, 223 F.3d at 1261. Therefore, Plaintiff's complaint should be dismissed without prejudice.[1]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this day of August, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1]The Court recognizes that the Supreme Court has held that under the PLRA, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 215 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id.; see also Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Plaintiff's complaint that he failed to exhaust his administrative remedies, the Court can properly recommend that Plaintiff's complaint be dismissed. See Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008), *cert. denied*, 552 U.S. 1245 (2008) (finding that the district court properly dismissed the plaintiff's complaint because the allegations in the complaint sufficed to establish that Plaintiff failed to exhaust his administrative remedies).